THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:22-cr-00004-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TERREZ KHALYL HALL, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motions for Reduced Sentence under Amendment 821 [Docs. 28, 30].

**I.   BACKGROUND**

On June 8, 2021, officers found the Defendant Terrez Khalyl Hall in possession of a loaded Glock pistol while at the Asheville Housing Authority's Deaverview Apartments in Asheville, North Carolina. [Doc. 23: PSR at ¶¶ 13-18]. The officers found the pistol, along with ten grams of fentanyl and digital scales, in a backpack that the Defendant had been carrying. [Id. at ¶¶ 15-17, 20]. The officers also found a magazine with ammunition and $353 in cash on the Defendant's person. [Id. at ¶ 18]. At the time that the Defendant had committed these offenses, he was 18 years old and already had been convicted of multiple state felonies. [Id. at ¶¶ 12, 47].

A federal grand jury indicted the Defendant and charged him with one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count One); one count of possession of ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count Two); one count of possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841 (Count Three); and one count of possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Four). [Doc. 1]. The Defendant entered into a written plea agreement with the Government and pled guilty to Counts One and Three. [Docs. 13, 15].

In advance of sentencing, the Court's probation office submitted a presentence report and calculated a total offense level of 15. [Doc. 23: PSR at ¶ 44]. The Defendant's criminal history garnered three criminal history points related to his prior convictions. [Id. at ¶ 50]. The probation office also assessed two criminal history "status" points because the Defendant committed his offense while he was on probation, resulting in a total of five criminal history points, which corresponded to a criminal history category of III. [Id. at ¶¶ 51, 52]. Based on a total offense level of 15 and a criminal history category of III, the probation office calculated an advisory guidelines sentence of 24 to 30 months' imprisonment. [Id. at ¶ 74]. The Court

sentenced the Defendant to 24 months' imprisonment, at the low end of the advisory guideline range. [Doc. 25 at 2]. The Defendant's current projected release date is June 13, 2024.[1]

In November 2023, the Defendant, proceeding *pro se*, filed a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines. [Doc. 28]. In December 2023, the Federal Defenders also filed a motion on the Defendant's behalf. [Doc. 30]. The Government opposes the Defendant's request for a sentence reduction. [Doc. 32].

## II.  STANDARD OF REVIEW

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

When addressing a § 3582(c)(2) motion based on a retroactive guidelines amendment, the Court follows a two-step process. At the first

---

[1] https://www.bop.gov/inmateloc/ (last accessed Jan. 29, 2024).

step, the Court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). In so doing, the Court "begin[s] by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827). At the second step, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827).

## III. DISCUSSION

At the time that the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history "status" points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 eliminates the addition of such status points for a defendant

4

who has six or less criminal history points and provides for the addition of only one status point for those defendants with seven or more criminal history points. U.S.S.G. § 4A1.1(e) (2023). The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2). U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d). This retroactivity amendment provides that any order reducing a defendant's sentence must have "an effective date of February 1, 2024, or later." U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10 cmt. n.7.

The Defendant is eligible for a sentence reduction under Amendment 821. At the time of sentencing, the Defendant was assigned a total of five criminal history points, including two "status points" under § 4A1.1(d) (2019), which corresponded to a criminal history category of III. With the revision to § 4A1.1 under Amendment 821, the Defendant would receive zero status points, reducing his criminal history score from five to three. That score corresponds to a criminal history category of II, which results in a revised advisory guidelines range of 21 to 24 months. As such, the Defendant is eligible for a sentence reduction by as much as three months. The Government opposes any reduction.

5

Having determined the amended guidelines range that would have been applicable to the Defendant had the relevant amendment been in effect at the time of the initial sentencing, the Court now turns to the § 3553(a) factors to determine whether the reduction authorized by Amendment 821 is warranted in whole or in part.

The Defendant contends that the Court should reduce his sentence to 21 months, the low end of the amended guidelines range. [Doc. 30 at 1]. However, a review of the § 3553(a) factors counsel against a reduced sentence. Although the Defendant has not committed any disciplinary infractions while incarcerated and has completed a modest number of educational courses [see Doc. 33 at 2], the nature of the Defendant's offense conduct and his serious criminal history weigh against a discretionary sentence reduction. At the time of the present offense, the Defendant had already been convicted of multiple state felonies, including possessing a stolen car that he was driving when he fled from police and caused an accident resulting in significant property damage. [Doc. 23: PSR at ¶ 47]. The Defendant had also been convicted of possessing a stolen gun, carrying a concealed weapon, possessing a controlled substance, and fleeing to elude police. [Id. at ¶ 48]. During that incident, which occurred while the Defendant was on probation from his stolen-car offense, he again fled from

6

police leading to a car accident causing significant property damage. [Id.]. In January of 2021, the Defendant possessed fentanyl with intent to sell or deliver—again while on probation. [Id. at ¶ 49]. He was sentenced to 6 to 17 months in prison for that offense. [Id.]. While the Defendant's criminal record is not long, it is consistent. He has continued to possess both firearms and fentanyl. He has also twice fled from police, taking them on car chases that resulted in accidents and property damage. He has twice committed new crimes while on probation, and he committed these offenses only two weeks after pleading guilty to two drug offenses, two firearm offenses, and a fleeing-to-elude offense and receiving a sentence of 6 to 19 months' imprisonment. Even though the Defendant has been relieved of the status points arising from his committing the offense while on probation, the close time frame within which the Defendant has committed his several offenses nonetheless manifests a disregard for the law. Thus, these facts are taken into account under § 3553(a)(2)(A). In light of these circumstances, the Court finds that the Defendant's current sentence of 24 months continues to be sufficient, but not greater than necessary, to accomplish the sentencing objectives described in 18 U.S.C. § 3553(a), including the need to protect the public and the need to deter both the Defendant and others from continued disregard of laws regulating firearm possession by convicted felons. For all

of these reasons, the Court in its discretion denies the Defendant's motion for a sentence reduction.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motions for Reduced Sentence under Amendment 821 [Docs. 28, 30] are **DENIED**.

**IT IS SO ORDERED.**

Signed: February 7, 2024

Martin Reidinger
Chief United States District Judge